UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON WAGSTER AND ELENA AUCOIN      CIVIL ACTION

VERSUS

NO. 12-00011-SDD-SCR

SIDNEY J. GAUTHREAUX, III, ET AL.

## ORDER

Before the Court is Defendant Dave Flausse's *Motion to Dismiss* Pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure for Plaintiffs' failure to effectuate service of process pursuant to Fed. R. Civ. Proc. Rule 4(m).[1] Plaintiffs, Jason Wagster and Elena Aucoin, have filed an *Opposition* to this motion.[2] Defendant has filed a *Reply Memorandum*.[3] For the reasons that follow, Defendant's motion is GRANTED IN PART and DENIED IN PART.

### I. Brief Factual Background

On January 16, 2012, Plaintiffs, Jason Wagster and Elena Aucoin (hereinafter "Plaintiffs"), filed this lawsuit asserting claims under 42 U.S.C. § 1983, the Federal Tort Claims Act, and state tort law.[4] On September 7, 2012, the Plaintiffs filed an *Amended Complaint* naming several additional Defendants[5], including Task Force Officer Dave Flausse (hereinafter referred to as "Defendant" or "Flausse").[6] On January 23, 2013,

---

[1] Rec. Doc. 42. Rule 4(m) states as follows: "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."
[2] Rec. Doc. 47.
[3] Rec. Doc. 50.
[4] Rec. Doc. 1.
[5] The other newly added Defendants were Nick "Doe", Mike Lorio, and Larry Walters.
[6] Rec. Doc. 10, *Amended Complaint*, p. 1.

the Court ordered Plaintiffs to show cause why the claims against these newly added Defendants should not be dismissed for failure to perfect service within the delays allowed Rule 4(m).[7] On February 6, 2013, Plaintiffs moved for an extension of time to perfect service on the additional Defendants.[8] On February 12, 2013, the Court found that Plaintiffs had failed to show good cause for their failure to timely serve these additional Defendants; nevertheless, the Court exercised its discretion under Rule 4(m) and granted Plaintiffs an extension of time—until April 8, 2013—to serve the newly added Defendants and file evidence of service of process into the record.[9] In its reasoning, the Court explained that it was unclear whether Flausse and the other newly joined Defendants had been sued in their official or individual capacity, and briefly discussed the differences in service requirements under Rule 4(i) and Rule 4(i)(3), respectively.[10] In closing, the Court noted that the new deadline of April 8, 2013, would provide Plaintiffs with seven (7) months to serve Defendants, and that any further extensions of time would be unlikely.[11]

On March 7, 2013, the Plaintiffs filed summons returns into the record. Each summons return reflects that service was made on Brian Benton "who is designated by law to accept service of process on behalf of United States Marshals Service" on February 19, 2013.[12] Defendant contends that such service is insufficient.

---

[7] Rec. Doc. 13.
[8] Rec. Doc. 24.
[9] Rec. Doc. 26.
[10] Rec. Doc. 26.
[11] Rec. Doc. 26.
[12] Rec. Docs. 32-34.

DM No. 459                                        2

Case 3:12-cv-00011-SDD-SCR   Document 51   10/07/13   Page 2 of 7

## II. Law and Analysis

Flausse seeks dismissal for insufficient process, Rule 12(b)(4), and insufficient service of process, Rule 12(b)(5). Although Rules 12(b)(4) and 12(b)(5) may appear to be similar, there is a distinction. "Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served."[13] Whereas, Rule 12(b)(5) of the Federal Rules of Civil Procedure allows for the dismissal of a complaint for insufficiency of service of process. Defendant Fausse does not suggest that he was incorrectly named on the summons or complaint; instead, he argues that service was ineffective.[14] Accordingly, Fausse's motion to dismiss for insufficient service of process is considered under Rule 12(b)(5), and the burden is on Plaintiffs to show that service was valid.[15]

Under Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant has not been served within 120 days after a complaint has been filed, the court must dismiss the case without prejudice against the defendant unless the plaintiff can demonstrate good cause for his failure to properly effectuate service.[16] Good cause has been equated with "excusable neglect" and requires "some showing of 'good faith ... and [a] reasonable basis for noncompliance within the time specified.'"[17] However, "inadvertence or mistake of counsel or ignorance of the rules usually does not suffice," and "some showing of 'good faith ... and [a] reasonable basis for noncompliance within

---

[13] *Nicholson v. Wise*, 2008 WL 2051747, *2 (W.D.La. 2008).
[14] Rec. Doc. 50, p. 3 "Because it is clear that the plaintiffs have failed to effectuate proper service of process on defendant Flausse in accordance with the federal rules, the action should be dismissed pursuant to Rules 4(m) and 12(b)(4) and (5) of the Federal Rules of Civil Procedure."
[15] *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435-36 (5th Cir. 1981).
[16] Fed.R.Civ. Proc. 4(m). *Gabriel v. United Nat. Ins. Co.*, 259 F.R.D. 242, 244 (E.D.La. 2009)(quoting Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).
[17] *Winters v. Teledyne*, 776 F.2d 1304, 1306 (5th Cir.1985) (quoting 4A C. Wright & A. Miller, *Federal Practice and Procedure*:1165 (2d ed. 1987)).

the time specified'" is necessary to show good cause.[18] Ultimately, the district court has broad discretion in determining whether dismissal for improper service of process is warranted.[19]

The Court has reviewed the *Original* and *Amended Complaints* and finds that the Plaintiffs have sued Flausse in both his official and individual capacity.[20] To serve an officer or employee of the United States in his official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee."[21] In order to serve a United States officer or employee sued in his or her individual capacity for "an act or omission occurring in connection with duties performed on the United States' behalf," Rule (4)(i)(3) provides that the serving party must serve the United States and also serve the officer or employee as delineated by Rule 4(e), (f), or (g).[22]

After reviewing the record, the Court finds that Plaintiffs have properly served Flausse in his official capacity. Plaintiffs sent a copy of the summons and *Original* and *Amended Complaints* by certified mail "'to the civil-process clerk at the United States attorney's office' and 'to the Attorney General of the United States at Washington, D.C.'" and to Flausse.[23] Therefore, the Court finds that Plaintiffs satisfied the service

---

[18] *Id.*
[19] *George v. U.S. Dept. of Labor, Occupation Safety & Health Administration*, 788 F.2d 1115 (5th Cir. 1986).
[20] Rec. Doc. 10, p. 13, ¶83.
[21] Fed. R. Civ. P. 4(i)(2).
[22] Fed. R. Civ. P. 4(i)(3).
[23] Rec. Doc. 47, p. 4. Plaintiffs refer the Court to U.S.P.S. Confirmation Number 7009-0820-0000-7611-8919 to reflect confirmation of delivery on the civil-process clerk at the United States Attorney's Office, and U.S.P.S. Confirmation No. 7009-0820-0000-7611-8933 to reflect confirmation of delivery to the Attorney General for the United States.

DM No. 459     4

requirements under Rule 4(i)(2) and Flausse was properly served in his official capacity.[24]

The Court does not find, however, that Plaintiffs properly served Flausse in his individual capacity. Plaintiffs claim they attempted to serve Flausse through a process server at his alleged workplace, the U.S. Marshal's Office,[25] but were refused entry by U.S. Marshal employee, Brian Benton (hereinafter "Benton").[26] Plaintiffs contend that, when Benton accepted service on behalf of Flausse, service was, in fact, perfected pursuant to Rule 4(e), because Benton is Flausse's "agent authorized by appointment or law" or "per se agent" for personal service. "To establish an agency relationship the individual sought to be served must have *actually* authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service."[27] The Court finds that the Plaintiffs have failed to establish an agency relationship exists between Flausse and Benton, and to identify any "operation of law, or mandate" that designates employees of the U.S. Marshal's Office,

---

[24] Because Defendant's motion was brought under Fed. R. Civ. P. 12(b)(4) and 12(b)(5), the Court makes no ruling at this time as to the merits or viability of Plaintiffs' claim(s) against Flausse in his official capacity.
[25] In his *Reply Memorandum*, Defendant contends that he is not an employee of the U.S. Marshal's Office. Rec. Doc. 50, p. 2.
[26] In their *Amended Complaint* Plaintiffs alleged that Flausse, as well as another named Defendants, were "each duly appointed and acting officers of the U.S. Marshal's Office, acting under color of law," and that "the United States Marshal's Service is an agency empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law and which employs 'investigative or law enforcement officer[s],' including . . . Flausse . . . thereby making these officers 'law enforcement officers of the United States Government for purposes of the Federal Tort Claims Act.'" Rec. Doc. 10, ¶¶ 19, 21.
[27] *O'Meara v. New Orleans Legal Assistance Corporation (NOLAC)* 1991 WL 110401 (E.D. La. 1991)(citing *Whisman v. Robbins*,712 F.Supp. 632, 636 (S.D. Ohio 1988); *Richards v. New York State Dep't of Correctional Servs.*, 572 F.Supp. 1168, 1173 (S.D.N.Y. 1983); *Lamont v. Haig*, 539 F.Supp. 552, 557 (D.S.D. 1982). Accord 4A C. Wright & A. Miller, Federal Practice and Procedure § 1097 at 86 (2d ed. 1987); 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.12 at 4-143 (2d ed. 1990) (emphasis added).

to accept personal or domiciliary service for a fellow employee, such as Flausse.[28] Therefore, the Court finds that the Plaintiffs have failed to carry their burden of showing that they properly served Flausse in his individual capacity.

Additionally, the Court finds no merit in Plaintiffs' alternative argument, that they properly served Flausse in his individual capacity under state law in accordance with La. C.C.P. art. 1265.[29] This article specifically applies to the service of political entities, subdivisions, and public officers (i.e., the U.S. Marshal for the Middle District) and is therefore inapplicable to Flausse.

Plaintiffs failed to properly serve Defendant Fausse within 120 days of filing their Amended Complaint. In accordance with Rule 4(m), the Magistrate Judge did not dismiss Plaintiffs' action, but granted Plaintiffs an additional 90 days to perfect service and offered them specific guidance to assist them in accomplishing this task. As discussed herein, even with this additional time—totaling approximately seven months—Plaintiffs were unable to properly perfect service on Defendant Fausse. The Court finds that Plaintiffs' noncompliance does not equate to excusable neglect. Additionally, any explicit or implied representations made by Benton are irrelevant and do not constitute "good cause" to allow any additional extensions of time for service to be perfected on Flausse at this late juncture. Accordingly, the Court denies Plaintiffs'

---

[28] La. C.C.P. art. 1235(A) states in full that, "[s]ervice is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative."

[29] La. C.C.P. art. 1265 provides, "Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion."

request for additional time to serve Flausse in his individual capacity in the manner required by law and their claims against Flausse shall be dismissed.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Dave Flausse's *Motion to Dismiss* for failure of Plaintiffs to effectuate service of process pursuant to Fed. R. Civ. Proc. Rule 4(m).

**ACCORDINGLY**, Plaintiffs' claims against Defendant Dave Flausse in his individual capacity are hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiffs' claims against Defendant Dave Flausse in his official capacity are still pending.

Baton Rouge, Louisiana, this 7th day of October 2013.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA