UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON WAGSTER & ELENA AUCOIN | CIVIL ACTION |
| VERSUS | |
| SIDNEY J. GAUTREAUX, III, IN HIS CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH, CITY/PARISH OF EAST BATON ROUGE, THROUGH MAYOR MELVIN L. "KIP" HOLDEN, LIEUTENANT DARRYL MICHELLI, AND CERTAIN UNKNOWN OFFICERS | NO. 12-00011-SDD-SCR |

## ORDER AND RULING

Before the Court is Defendant Detective Nathan Harrison's *Motion for Reconsideration*[1] seeking review of this Court's *Ruling*[2] granting in part and denying in part Defendants' *Motion for Summary Judgment*.[3] Plaintiffs have filed no opposition. Oral argument is not necessary. For the following reasons, the Court grants Defendant Harrison's *Motion for Reconsideration*[4] and amends its November 26, 2013 *Ruling*[5] accordingly.

I.     **BRIEF FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs have filed this action under 42 U.S.C. § 1983 alleging violations against each of the Defendants in their individual and official capacities under the Fourth and Fourteenth Amendments of the United States Constitution for illegally searching their

---

[1] Rec. Doc. 53.
[2] Rec. Doc. 52.
[3] Rec. Doc. 38.
[4] Rec. Doc. 53.
[5] Rec. Doc. 52.

DM No. 824           1

homes and personages; they have also asserted various state law claims. Individually, Plaintiff, Jason Wagster, alleges a state law claim against Defendants for assault and battery, while both Plaintiffs allege state law claims for false arrest, illegal detainment and imprisonment, and for intentional infliction of emotional distress against all of the Defendants.[6] Plaintiffs have also alleged that "Defendants Lieutenant Daryl Michelli and Certain Other Unknown Officers" used excessive force during the unwarranted searches and investigations.[7] Plaintiffs' claims allegedly arise out of two "unwarranted, unjustified, and wholly improper 'investigations' of their home" on January 7, 2011 and April 4, 2011 by Defendants.[8]

On November 26, 2013, the Court granted in part and denied in part Defendants' *Motion for Summary Judgment*.[9] Notably, as to Defendant Harrison, the Court granted the Defendants' summary judgment motion as to Plaintiff Wagster's claims arising out of the April 4, 2011 incident, but denied the motion as to Plaintiff Aucoin's claims arising out of the January 7, 2011 incident. As to Aucoin's claims, the Court found that a genuine issue of material fact existed as to whether Defendant Harrison was involved in the January 7, 2011 incident. Therefore, the only remaining claims against Defendant Harrison are Plaintiff Aucoin's Fourth Amendment claims of unlawful search and seizure arising out of the January 7, 2011 incident.

On December 4, 2013, Defendant Harrison filed a *Motion*[10] seeking reconsideration of the Court's November 26, 2013 *Ruling* allegedly to prevent a

---

[6] Rec. Doc. 1, p. 12, ¶¶86-87, 89-90; p. 16, ¶¶105-106; Rec. Doc. 10, p.13, ¶86; p. 14, ¶89; p. 18, ¶¶105-106.
[7] Rec. Doc. 1, p. 17, ¶113; Rec. Doc. 10, p. 19, ¶113.
[8] Rec. Doc. 1, p. 2, ¶10; Rec. Doc. 10, p. 3, ¶10.
[9] Rec. Doc. 38.
[10] Rec. Doc. 53.

DM No. 824                                       2

Case 3:12-cv-00011-SDD-SCR   Document 56   01/06/14   Page 2 of 6

manifest injustice and to correct manifest errors of fact upon which the Court's ruling was made. Harrison asserts that reconsideration is warranted because his name was inadvertently included in the list of officers at the Wagster residence on January 7, 2011 within the *Statement of Uncontested Facts* and because the undisputed evidence indicates he was not present or involved in the January 7, 2011 incident.

## II. LAW AND ANALYSIS

Although it has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*"[11] the Fifth Circuit has "consistently recognized that such a motion may challenge a judgment or order under the Federal Rules of Civil Procedure 54(b), 59(e), or 60(b)."[12] An interlocutory order denying a summary judgment motion "can be modified or rescinded by the Court, as justice requires, at any time before final decree."

Rule 54(b) provides that:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. *Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.*[13]

---

[11] *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167,173 (5th Cir. 1990).
[12] *Lightfoot v. Hartford Fire Ins. Co.*, 2012 WL 711842, *2 (E.D.La. 3/5/12).
[13] Fed. R. Civ. Pro. 54(b)(emphasis added).

DM No. 824                                                                 3

Case 3:12-cv-00011-SDD-SCR   Document 56   01/06/14   Page 3 of 6

Accordingly, under Rule 54(b), "a court retains jurisdiction over all the claims in a suit and may alter any earlier decision at its discretion until final judgment has been issued on a claim or on the case as a whole."[14]

"District courts have considerable discretion in deciding whether to reconsider an interlocutory order."[15] "However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[16] Therefore, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration."[17] "There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[18]

Because a final judgment has not been issued in this matter, Harrison's *Motion for Reconsideration* is properly considered under Rule 54(b).[19] Harrison is seeking reconsideration to correct clear error and to prevent manifest injustice. The Court shall grant Defendant Harrison's *Motion* and reconsider its prior ruling herein.

Defendant Harrison asserts that the Court's November 26, 2013 *Ruling* should be amended for the following reasons: his name was inadvertently included in the list of officers at the Plaintiffs' residence on January 7, 2011 in the *Statement of Uncontested*

---

[14] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp.2d 471, 475 (M.D.La. 2002).

[15] *Keys v. Dean Morris, LLP*, 2013 WL 2387768, *1(M.D.La. 5/30/2013).
[16] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 564-65 (E.D.La. 2013).
[17] *State of La. v. Spring Communications Co.*, 899 F.Supp. 282, at 284 (M.D.La.1995).
[18] *J.M.C. v. Louisiana Bd. of Elementary and Secondary Educ.*, 584 F.Supp.2d 894, 896 (M.D.La. Oct.20, 2008) (quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo.1988)).
[19] Defendant Harrison asserts that Federal Rule of Civil Procedure 59(e) governs this Motion. However, "where, as here, a motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is [Federal Rule of Civil Procedure] 54(b)." *Livingston Downs Racing Ass'n*, 259 F.Supp.2d at 474-75.

*Material Facts*;[20] Plaintiffs' *Complaints* are devoid of any allegations that Defendant Harrison was present at Plaintiffs' residence on January 7, 2011;[21] and there is no evidentiary support establishing that Defendant Harrison was present at Plaintiffs' residence on January 7, 2011. Defendant Harrison directs the Court's attention to his own *Affidavit*, wherein he attested that he was not at Plaintiffs' residence on January 7, 2011,[22] and to Plaintiff Aucoin's *Affidavit* wherein she named six officers who she believed were involved in the January 7, 2011 incident; notably, Plaintiff Aucoin did not include Defendant Harrison in her list.[23] Based upon Defendant's unchallenged clarification and correction of the record, the Court finds that the undisputed evidence demonstrates that Defendant Harrison was neither present at Plaintiffs' residence on nor involved in the January 7, 2011 incident. Therefore, to avoid manifest injustice, the Court's November 26, 2013 *Ruling* shall be amended thereby dismissing all remaining claims against Defendant Harrison arising out of the January 7, 2011 incident.

---

[20] The *Statement of Uncontested Material Facts* states as follows: "On January 7, 2011, several EBRSO detectives, including Detective Eric Jones, Detective Rob Chambers, Detective Len Starnes, **and Detective Nathan Harrison**, arrived [at] the Wagster residence." Rec. Doc. 38-4, p.1, ¶1. (emphasis added).

[21] The Plaintiffs' *Original* and *Amended Complaints* alleged that "[o]n or about January 7, 2011, at 11:37AM, seven (7) unknown officers with the East Baton Rouge Parish Sheriff's Office arrived at the home of Plaintiffs Jason Wagster and Elena Aucoin to conduct an investigation and search of the premises." Rec. Doc. 1, p. 5, ¶27; Rec. Doc. 10, p. 6, ¶27.

[22] Rec. Doc. 38-6, p. 1, ¶5. Defendant Nathan Harrison attested that he "was not present at 06786 Audusson Drive, Greenwell Springs, LA 70739 on January 7, 2011, and I was not involved in that investigation in any way."

[23] Rec. Doc. 41-3, pp. 1-2, ¶2. Plaintiff Aucoin attested as follows: "On or about January 7, 2011, at 11:37AM, six (6) officers with the East Baton Rouge Parish Sheriff's Office who I now believe to have been (1) Detective Rob Chambers, (2) Detective Eric David, (3) Detective Stephen Hill, (4) Detective Leonard Starnes, (5) Detective Brian Stewart, and (6) Detective Eric Jones arrived at the home I shared with Jason Wagster to conduct an investigation and search of the premises."

Case 3:12-cv-00011-SDD-SCR   Document 56   01/06/14   Page 5 of 6

## III. CONCLUSION

Accordingly, Defendant Nathan Harrison's *Motion for Reconsideration*[24] is hereby GRANTED. The Court's *Ruling* of November 26, 2013 is hereby AMENDED for the reasons set forth above, and Plaintiffs' remaining claims against Defendant Nathan Harrison arising out of the January 7, 2011 incident are hereby DISMISSED with prejudice.[25]

Baton Rouge, Louisiana, on the 6th day of January, 2014.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[24] Rec. Doc. 53.
[25] Rec. Doc. 52.

DM No. 824                                6