UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASON WAGSTER & ELENA AUCOIN          CIVIL ACTION

VERSUS

SIDNEY J. GAUTREAUX, III, IN HIS           NO. 12-00011-SDD-SCR
CAPACITY AS SHERIFF OF EAST
BATON ROUGE PARISH, CITY/PARISH
OF EAST BATON ROUGE, THROUGH
MAYOR MELVIN L. "KIP" HOLDEN,
LIEUTENANT DARRYL MICHELLI, AND
CERTAIN UNKNOWN OFFICERS

## ORDER AND RULING

Before the Court is Defendant Dave Flausse's *Motion to Dismiss* pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiffs have filed no opposition. Oral argument is not necessary. For the following reasons, the Court grants Defendant Flausse's *Motion to Dismiss*.[2]

I. **BRIEF FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 16, 2012, Plaintiffs, Jason Wagster and Elena Aucoin (hereinafter "Plaintiffs"), filed this lawsuit asserting claims under 42 U.S.C. § 1983, the Federal Tort Claims Act, and state tort law.[3] On September 7, 2012, the Plaintiffs filed an *Amended Complaint* naming several additional Defendants,[4] including Task Force Officer Dave Flausse (hereinafter referred to as "Defendant" or "Flausse").[5] On October 7, 2013 this

---

[1] Rec. Doc. 55.
[2] Rec. Doc. 55.
[3] Rec. Doc. 1.
[4] The other newly added Defendants were Nick "Doe", Mike Lorio, and Larry Walters.
[5] Rec. Doc. 10, *Amended Complaint*, p. 1, ¶1.

DM No. 990                                    1

Court issued a *Ruling* dismissing all of Plaintiffs' claims against Defendant Flausse in his individual capacity; therefore, the only remaining claims against Defendant Flausse are those in his official capacity.[6] Defendant Flausse now moves the Court to dismiss Plaintiffs' claims against him in his official capacity for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted.

## II. LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction, and their authority to adjudicate claims must be conferred by statute or the Constitution."[7] Further, "[t]he party invoking federal jurisdiction bears the burden of pleading and proving the court's subject matter jurisdiction."[8] Dismissal of a party's claims is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure if a party fails to carry this burden.[9] "When a Rule 12(b)(1) motion to dismiss is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[10] Therefore, the Court shall consider Defendant's jurisdictional attack first.

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[11] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "To survive a Rule 12(b)(6) motion to dismiss,

---

[6] Rec. Doc. 51.
[7] *Williams v. U.S. Federal Aviation Admin.*, 2011 WL 2175785, at *1 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994)).
[8] *Id.* (citing *Ramming v. U.S.*, 281 F.3d 158, at 161 (5th Cir. 2001)).
[9] *Id.*
[10] *Ramming*, 281 F.3d at 161 (internal citations omitted).
[11] *Hall v. Louisiana, et al.*, 2013 WL 5434643, *2 (M.D.La. 9/30/2013).

DM No. 990　　　　　　　　　　　　　　　2

Case 3:12-cv-00011-SDD-SCR　　Document 58　　02/04/14　　Page 2 of 5

the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12] However, when ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[13] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief."[14]

Plaintiffs claim that Defendant Flausse was a "'law enforcement officer of the United States Government' for purposes of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671."[15] Task Force Coordinator Bernie Deschamp's uncontested *Affidavit* lends evidentiary support of Defendant Flausse's federal status. According to Deschamp's *Affidavit*, on April 4, 2011, Defendant Flausse "was a member of the United States Marshals Service's Middle District Louisiana Fugitive Task Force" and he "was a deputized federal agent authorized to perform official duties on behalf of, and at the direction of, the United States Marshals Service."[16] Hence, the Court finds that Defendant Flausse was a federal actor on April 4, 2011.

Defendant Flausse contends that Plaintiffs' claims arising under 42 U.S.C. § 1983 are barred by sovereign immunity. The doctrine of sovereign immunity "renders the United States, its departments, and its employees immune from suit except as the United States has consented to be sued."[17] In fact, the Fifth Circuit has explained that is "has long recognized that suits against the United States brought under the civil rights

---

[12] *Id.*
[13] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, at 238 (5th Cir. 2009).
[14] *Ramming*, 281 F.3d at 161.
[15] Rec. Doc. 10, p. 5, ¶21.
[16] Rec. Doc. 55-2.
[17] *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 373 (5th Cir. 1987).

statutes are barred by sovereign immunity."[18] Accordingly, Plaintiffs' claims arising under 42 U.S.C. § 1983 are barred as a matter of law. Moreover, to the extent Plaintiffs are relying on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*[19] to support their claims against Defendant Flausse, the *Bivens* actions may only be brought against government officers in their individual capacities. Therefore, to the extent Plaintiffs have sued Defendant Flausse in his official capacity for constitutional violations their claims are barred as a matter of law.

Plaintiffs have also asserted FTCA claims against Defendant Flausse to the extent he was a "federal law enforcement officer as defined by 28 U.S.C. § 2680(h)."[20] Essentially, "the FTCA provides a limited waiver of sovereign immunity of the United States for negligent or wrongful acts of governmental employees."[21] Nonetheless, it is well-settled that "[a]ll suits brought under the FTCA must be brought against the United States."[22] Here, the Plaintiffs have not named the United States as a Defendant. Therefore, in accordance with Fifth Circuit precedent, Plaintiffs' FTCA claims against Defendant Flausse in his official capacity must be dismissed for lack of subject matter jurisdiction.

Because the Court concludes that it lacks subject matter jurisdiction over this matter, it need not address Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

---

[18] *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).
[19] 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
[20] Rec. Doc. 10, p, 5, ¶23.
[21] *Ryan v. Postmaster General, U.S. Postal Service*, 2010 WL 5625896, at *2 (M.D.La. 12/21/10).
[22] *Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Circ. 1991); *Vernell for and on Behalf of Vernell v. U.S. Postal Service*, 819 F.2d 108, 110 (5th Cir. 1987), overruled on other grounds.

## III. CONCLUSION

Accordingly, Defendant David Flausse's *Motion to Dismiss*[23] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is hereby GRANTED, and Plaintiffs' claims against Defendant Flausse in his official capacity shall be dismissed.

Baton Rouge, Louisiana, on the 4th day of February, 2014.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[23] Rec. Doc. 55.

DM No. 990

5