UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON WAGSTER & ELENA AUCOIN | CIVIL ACTION NO. 3:12-CV-00011 |
| V. | |
| SIDNEY J. GAUTREAUX, III, IN HIS CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH, CITY/PARISH OF EAST BATON ROUGE, THROUGH MAYOR MELVIN L. "KIP" HOLDEN, LIEUTENANT DARRYL MICHELLI, AND CERTAIN OTHER UNKNOWN OFFICERS | JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

MAY IT PLEASE THE COURT:

**I.   PRELIMINARY STATEMENT**

Plaintiffs, Jason Wagster and Elena Aucoin, filed a Complaint on January 6, 2012 asserting claims under 42 U.S.C. 1983 and state tort law.[1] Thereafter, Plaintiffs filed an Amended Complaint adding several defendants in the instant litigation, including Task Force Officer Sgt. Bobby Moore.[2] The Plaintiffs also added new claims under the Federal Tort Claims Act ("FTCA").[3]

On May 24, 2013 certain defendants, including Defendant, Sgt. Bobby Moore, filed a Motion for Summary Judgment.[4] On November 26, 2013 this Honorable Court issued a Ruling on the defendants' Motion for Summary Judgment and dismissed the official capacity claims

---

[1] Rec. doc. No. 1 Complaint.
[2] Rec. doc. No. 10 Amended Complaint Paragraph 1.
[3] Rec. doc. No. 10 Amended Complaint Paragraphs 19-24, 116-117.
[4] Rec. doc. No. 38.

1

against Defendant, Sgt. Bobby Moore.[5] This Honorable Court denied the Motion for Summary Judgment as to the Plaintiffs' individual capacity claims against Defendant, Sgt. Bobby Moore for unlawful detention and unlawful arrest finding a genuine issue of material fact as to whether Defendant, Sgt. Bobby Moore was entitled to qualified immunity.[6]

Moore now brings this Motion to request this Honorable Court to dismiss any claims by the Plaintiffs against Defendant, Sgt. Bobby Moore under the FTCA because all suits under the FTCA must be brought against the United States and thus, this Honorable Court lacks subject matter jurisdiction over the Plaintiffs' FTCA claims against Defendant, Sgt. Bobby Moore.  On February 4, 2014 this Honorable Court granted Defendant Dave Flausse's Motion to Dismiss the Plaintiffs' FTCA claims against him for the same reasons asserted herein.[7]

This Court should consider this Motion to Dismiss, even though the deadline to file dispositive motions has passed because a lack of subject matter jurisdiction may be raised at any time.[8]

## II. LAW AND ARGUMENT

### A. Motion Standard

Federal Courts are courts of limited jurisdiction and without jurisdiction conferred by statute they lack the power to adjudicate claims.[9]  The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss.[10]  Dismissal of a party's claim is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure if a party fails to carry this burden.[11]

---

[5] Rec. Doc. 52 Page 9.
[6] Rec. Doc. 52 Pages 18-19.
[7] Rec. Doc. 58
[8] *Cozzo v. Tangipahoa Parish Council-President,* 279 F. 3d 273 (5th Cir. 2002) (citing *Giles v. NYLCare Health Plans, Inc.,* 172 F. 3d 336 (5th Cir. 1999).
[9] *Williams v. U.S. Federal Aviation Admin.,* 2011 WL 2175785, at * 1 (M.D. La. 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).
[10] *Id* (citing *Ramming v. United States,* 281 F. 3d 158, 161 (5th Cir. 2001).
[11] *Id.*

"A motion to dismiss under Rule 121(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[12] "Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level."[13] However, when ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[14] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief."[15]

### B.     FTCA Claims are not Properly Before the Court

The Plaintiffs have asserted FTCA claims against Defendant Sgt. Bobby Moore to the extent he was a federal law enforcement officer as defined by 28 U.S.C. 2680(h).[16] The FTCA provides a limited waiver of sovereign immunity of the United States for negligent or wrongful acts of governmental employees.[17] It is well-settled by the Fifth Circuit that all suits brought under the FTCA must be brought against the United States.[18] Further, the Fifth Circuit has recognized that FTCA suits asserted directly against individuals and/or federal agencies must be dismissed for lack of jurisdiction.[19]

The Plaintiffs did not name the United States as a party in this suit. Therefore, this Honorable Court does not have subject matter jurisdiction over the Plaintiffs' claims against Defendant, Sgt. Bobby Moore under the FTCA and these claims should be dismissed.

---

[12] *Hall v. Louisiana, et al.,* 2013 WL 5434643, *2 (M.D. La. 9/30/2013).
[13] *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F. 3d 137, 140 (5th Cir. 2007).
[14] *Ambraco Inc., v. Bossclip B.V.,* 570 F. 3d 233, at 238 (5th Cir. 2009).
[15] *Ramming,* 281 F. 3d at 161.
[16] Rec.Doc. 10 Paragraph 23.
[17] *Ryan v. Postmaster General U.S. Postal Service,* 2010 WL 5625896 at *2 (M.D. La. 12/21/10).
[18] *Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.,* 942 F. 2d 954, 957 (5th Cir. 1991); *Vernell for an on Behalf of Vernell v. U.S. Postal Service,* 819 F. 2d 108, 110 (5th Cir. 1987). Overruled on other grounds.
[19] *Atorie Air Inc.,* 942 F. 2d at 957-958; *Vernell v. United States Postal Serv.,* 819 F. 2d 108, 110 (5th Cir. 1987), *overruled on other grounds; McGuire v. Turnbo,* 137 F. 3d 321 (5th Cir. 1998).

## III. CONCLUSION

For the reasons set forth above, Defendant, Sgt. Bobby Moore, shows that there is no subject matter jurisdiction over the Plaintiffs' Federal Tort Claims Act claims against him. Accordingly, Defendant, Sgt. Bobby Moore, respectfully requests and prays that this Honorable Court grant his motion, dismissing Plaintiffs' Federal Tort Claims Act claims against him with prejudice at Plaintiffs' cost.

Respectfully Submitted:

_____s/ Tara Johnston_____
MARY G. ERLINGSON (#19562)
TARA L. JOHNSTON (#28100)
E**RLINGSON BANKS, PLLC**
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 23rd day of May, 2014, a copy of the foregoing Memorandum in Support of Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of filing will be sent by operation of the court's electronic filing system to the following persons:

**J. Christopher Alexander, Sr.**
**3751 Government Street, Suite A**
**Baton Rouge, Louisiana 70806**

_____/s/ Tara L. Johnston_____
Tara L. Johnston