UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON WAGSTER & ELENA AUCOIN | CIVIL ACTION NO. 3:12-CV-00011 |
| V. | |
| SIDNEY J. GAUTREAUX, III, IN HIS CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH, CITY/PARISH OF EAST BATON ROUGE, THROUGH MAYOR MELVIN L. "KIP" HOLDEN, LIEUTENANT DARRYL MICHELLI, AND CERTAIN OTHER UNKNOWN OFFICERS | JUDGE SHELLY D. DICK

MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

## MEMORANDUM IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

MAY IT PLEASE THE COURT:

I.    PRELIMINARY STATEMENT

Plaintiffs, Jason Wagster and Elena Aucoin, filed a Complaint on January 6, 2012 asserting claims under 42 U.S.C. 1983 and state tort law naming as defendants:  Sidney J. Gautreaux, III, in his capacity as Sheriff of East Baton Rouge Parish, City/Parish of East Baton Rouge, through Mayor Melvin L. "Kip" Holden, Lieutenant Darryl Michelli, and "Certain Other Unknown Officers."[1]  The Plaintiffs' claims arise out of two allegedly improper investigations of their home on January 7, 2011 and April 4, 2011.[2]  Over a year after the events that are the subject of their claims, Plaintiffs filed an Amended Complaint on September 7, 2012 substituting the names of several defendants for "Certain Other Unknown Officers", including Detective Rob Chambers, Detective Eric David, Detective Stephen Hill, Detective Eric Jones, Detective

[1] Rec. doc. No. 1 Complaint Paragraph 1.
[2] Rec. doc. No. 1, p. 2 Par. 10; Rec. Doc. 10, p. 3 Par. 10.

1

Leonard Starnes, Detective Brian Stewart ("Narcotics Officers"), and Task Force Officer Bobby Moore.[3] The Plaintiffs also named Detective Nathan Harrison in their Amended Complaint. However, all claims against Detective Nathan Harrison were dismissed by this Court as of January 6, 2014.[4]     On May 24, 2013 the Defendants filed a Motion for Summary Judgment.[5] On November 26, 2013 this Honorable Court issued a Ruling on the Defendants' Motion for Summary Judgment granting it in part and denying it in part.[6]

The only remaining claims against the Defendants are as follows:  1.) Plaintiff Wagster's Federal law Section 1983 claims against Moore in his individual capacity based upon allegations of unlawful arrest and detention under the Fourth Amendment arising out of two visits by Moore to the Plaintiffs' home as part of a U.S. Marshal's task force looking for a fugitive from Livingston Parish[7]; 2.) Plaintiff Wagster's State law claims  against Moore for unlawful detention and arrest and assault and battery arising out of two visits by Moore to the Plaintiffs' home as part of a U.S. Marshal's task force looking for a fugitive from Livingston Parish[8]; 3.) Plaintiff, Aucoin's Federal law Section 1983 claims against the Narcotic Officers in their individual capacity based on allegations of unlawful search under the Fourth Amendment arising out of a visit to the Plaintiffs' home on January 7, 2011.[9] 4.) Plaintiffs' State Law claims against Sheriff Gautreaux under the theory of *respondeat superior* based upon the alleged misconduct of Moore arising out of two visits by Moore to the Plaintiffs' home as part of a U.S. Marshal's task force looking for a fugitive from Livingston Parish. [10]

---

[3] Rec. doc. No. 10 Amended Complaint Paragraph 1.
[4] Rec. doc. No. 56.
[5] Rec. doc. No. 38.
[6] Rec. Doc. 52 p. 9.
[7] Rec. Doc. 38-4, p. 2 Par. 4 and 41-1, p. 1, Par. 1; Rec. Doc 52, p. 19.
[8] Rec. Doc. 52, pp. 33, 35.
[9] Rec. Doc. 52, p. 30.
[10] Rec. Doc. 52, p. 37.

The Plaintiffs' claims against Narcotics Officers, Chambers, David, Hill, Jones, Starnes, Stewart and Task Force Officer Bobby Moore were untimely based on the face of the complaints. The Plaintiffs did not name as defendants, Narcotics Officers, Chambers, David, Hill, Jones, Starnes, Stewart and Task Force Officer Bobby Moore until they filed their Amended Complaint on September 7, 2012 wherein these defendants were named in place of the previously named "Certain Other Unknown Officers".   However, by the time the Amended Complaint was filed on September 7, 2012, the one year statute of limitations applicable to the Plaintiffs' Section 1983 claims and State law claims had expired.  The Plaintiffs allege that he events giving rise to their claims occurred on January 7, 2011 and April 4, 2011 over one year prior to September 7, 2012.

Under Federal law, the Plaintiffs' filing of its Amended Complaint naming for the first time Narcotics Officers Chambers, David, Hill, Jones, Starnes, Stewart and Task Force Officer Bobby Moore does not relate back to the filing of the original complaint because the Plaintiffs' did not make a mistake in the identity of these officers.  In addition, the Plaintiffs cannot show that prescription was tolled under Louisiana law in this case by timely filing suit against a joint tortfeasor.  The only defendants originally named in the Complaint are Sheriff Gautreaux, the City/Parish of East Baton Rouge through Mayor Melvin "Kip" Holden, and Lieutenant Darryl Michelli.  Mayor Holden was dismissed on March 1, 2012.  Lieutenant Michelli was dismissed on November 26, 2013.  All claims other than Wagster's state law claims against the Sheriff under the theory of *respondeat supior* for the alleged actions of Moore were also dismissed. However, the parties stipulated that Moore was part of a U.S. Marshal's Task Force who were at the Plaintiffs' residence looking for a fugitive from Livingston Parish.[11] Therefore, Wagster does not have a viable state law claim against the Sheriff for vicarious liability for the acts of Moore

---

[11] Rec. Doc. 52 pp. 18 and 19, Rec. Dco. 38-4, and 41-1, p. 1, Par. 1.

because Moore was not acting in the course and scope of his employment as an East Baton Rouge Parish Sheriff Deputy when he visited the Plaintiffs' home. Therefore, there are no claims remaining against any of the defendants named in the original complaint for the Plaintiffs to be able to show that prescription tolled under Louisiana law by naming a joint tortfeasor timely.

The dispositive motion deadline in this case was May 24, 2013. However, the Defendants respectfully request that this Court consider this motion even though it is beyond the dispositive motion deadline. Under Fed. R. Civ. P. 16(b), the Court can modify its scheduling order when good cause is shown. The good cause standard calls for "a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note (1983). The Defendants respectfully suggests that they had good cause not to file this motion prior to the dispositive motion deadline. The Defendants asserted that the claims are barred by the applicable statute of limitations or prescriptive period as an affirmative defense in their answer to the Amended Complaint.[12]   However, because the Defendants did not have grounds for bringing this motion until certain defendants who were named in the original complaint were dismissed, they could not file this motion prior to the expiration of the dispositive motion deadline. Thus, the Defendants respectfully request that this Honorable Court modify the scheduling order and consider this motion.

The Defendants filed a Motion for Summary Judgment on May 24, 2013, within the dispositive motion deadline. This Honorable Court ruled on the Defendants' Motion for Summary Judgment on November 26, 2013 dismissing the claims against the only deputy originally named in the initial Complaint, Lieutenant Darryl Michelli, and dismissing all claims against Sheriff Gautreaux except state law claims for vicarious liability for the acts of Moore

---

[12] Rec. Doc. 11, p. 15, Par. 128.

while acting as a task force officer.  It was not until the claims against the named defendants who were sued timely were dismissed, that the Defendants could assert that the statute of limitations was not interrupted by bringing a timely claim against a joint tortfeasor.  Thus, the Defendants could not have brought this motion prior to the dispositive motion deadline.[13]

In addition, in the interest of judicial economy and fairness to the parties, this Court should rule on this motion for judgment on the pleadings prior to the trial on this matter. A ruling in the Defendants' favor could result in the dismissal of all claims against all parties or extremely limit the scope of a trial in this matter.   Thus, the Defendants respectfully request that this Honorable Court modify the scheduling order to consider this motion.

## II.    LAW AND ARGUMENT

### A.    Motion Standard

Fed. R. Civ. P. 12(c) provides that a party may move for judgment on the pleadings "after the pleadings are closed-but early enough not to delay trial."   A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).[14] "Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level."[15]

### B.      The Plaintiffs' Amended Complaint naming Chambers, David, Hill, Jones, Starnes, Stewart and Moore was untimely.

In a Section 1983 action, the court looks to the forum state's personal-injury limitations period. [16]  In Louisiana, that period is one year.[17] Thus, the applicable limitations period for both

---

[13] See *Arnold v. National Cas. Co.,* 2014 WL 50832 (W.D. La. Jan. 7, 2014).

[14] *Doe v. MySpace, Inc.,* 528 F. 3d 413 (5th Cir. 2008).

[15] *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F. 3d 137, 140 (5th Cir. 2007).

[16] *Moore v. McDonald,* 30 F. 3d 616, 620 (5th Cir. 1994).

[17] *Elzy v. Roberson,* 868 F. 2d 793, 794 (5th Cir. 1989).

the Plaintiffs' Federal Section 1983 and State law claims is one year. The Plaintiffs' claims arise out of two allegedly improper investigations of their home on January 7, 2011 and April 4, 2011.[18]  On January 6, 2012, the Plaintiffs filed their original Complaint naming the following Defendants:  Sidney J. Gautreaux, III, in his capacity as Sheriff of East Baton Rouge Parish, City/Parish of East Baton Rouge, through Mayor Melvin L. "Kip" Holden, Lieutenant Darryl Michelli, and "Certain Other Unknown Officers."[19]

Over a year after the events that are the subject of their claims, Plaintiffs filed an Amended Complaint on September 7, 2012 substituting the names of several defendants for "Certain Other Unknown Officers", including Detective Rob Chambers, Detective Eric David, Detective Stephen Hill, Detective Eric Jones, Detective Leonard Starnes, Detective Brian Stewart ("Narcotics Officers"), and Task Force Officer Bobby Moore, (the Defendants") [20] On the face of the pleadings, the Plaintiffs claims were untimely.  Thus, it is the Plaintiff's burden to show that the claims were timely.

**C.      The Plaintiffs' claims asserted in their Amended Complaint do not relate back to the date of the original Complaint.**

The Plaintiffs' claims against Chambers, David, Hill, Jones, Starnes, Stewart and Moore were filed untimely because under Fed. R. Civ. P. 15(c) their amendment does not relate back to the date of the filing of the original Complaint.

Under Fed. R. Civ. P.15(c), an amendment to a pleading that "changes the party or the naming of the party against whom a claim is asserted" will relate back to the filing of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," the new

---

[18] Rec. doc. No. 1, p. 2 Par. 10; Rec. Doc. 10, p. 3 Par. 10.
[19] Rec. doc.  No. 1 Complaint Paragraph 1.
[20] Rec. doc. No. 10 Amended Complaint Paragraph 1.

party "received such notice of the action that it will not be prejudiced in defending on the merits," and the new party "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity.*" (emphasis added) Fed. R. Civ. P. 15(c).

As interpreted by the courts, Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of error, such as misnomer or misidentification." *Jacobsen v. Osborne,* 133 F. 3d 315, 320 (5th Cir. 1998). (An amendment to substitute a named party for a John Doe defendant may not relate back to the filing of the original complaint under Rule 15(c) in order to prevent prescription. See *Id* at 320-22. ) The reasoning is as follows:   The purpose of Rule 15(c) is to allow an amendment changing the name of a party to relate back to the original complaint *only if* the change is the result of an error.   For a John Doe defendant, there was no error in identifying the correct defendant; rather, the problem was not being able to identify the defendant. *See Id.* at 320-21.

The Fifth Circuit noted in *Jacobson* that its ruling is consistent with a majority of other circuit courts that have considered the issue. *See Id.* 320-21 for cases from other circuits cited therein.   These other circuits have held that a plaintiff who fails to name the correct defendants due to a lack of knowledge as to the identity, and not a mistake in their names, cannot avail himself of the relation back doctrine of Rule 15(c). The Fifth Circuit in *Jacobson* also noted that naming a "John Doe" in a pleading cannot be sued to circumvent statute of limitations, because replacing a "John Doe" with a named party in effect constitutes a change in the party sued. See *Id* at 320; *Athmer v. C.E.I. Equip. Co. Inc.,* 121 F. 3d 294, 295 (7th Cir. 1997)("If you sue a nonexistent entity, the filing of your suit does not deprive the real defendant whom you sue later of his defense that the statute of limitations has run.   Otherwise a plaintiff could sue 'John Doe'

the day after the accident and wait twenty years to find out the defendant's real name and amend the complaint accordingly.") [21]

The Plaintiffs in this case, named "Certain Other Unknown Officers" in their original complaint. Like naming, "John Doe", naming "Certain Other Unknown Officers" does not relate back to the original complaint because the Plaintiffs did not make an error in naming "Certain Unknown Officers". In adding Chambers, David, Hill, Jones, Starnes, Stewart and Moore, the Plaintiffs did not simply correct a mistakenly-identified defendant. Rather, the Plaintiffs named "Certain Unknown Officers" because they apparently did not know the identity of the officers involved at the time of filing the initial complaint. The Plaintiffs did not identify the Certain Other Unknown Officers" in a timely filed amendment to the Complaint. The Plaintiffs cannot avail themselves of the relating back doctrine and their claims against Chambers, David, Hill, Jones, Starnes, Stewart and Moore were not made timely.

**D.    The Statute of Limitations in this Case was not tolled.**

In addition, the Plaintiffs cannot prevail on an argument that the statute of limitations was tolled by filing suit against the original defendants in this case. Federal Courts apply the state statute of limitations and tolling provisions to Section 1983 claims. [22] Pursuant to Louisiana Code article 2324(c), "interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." However, if it is later determined that the newly named defendants and the originally named defendants are not solidary obligors or joint tortfeasors, prescription will not be interrupted as to the other joint tortfeasors/solidary obligors not timely sued, **and if it is later**

---

[21] See also *Whitt v. Stephens County,* 529 F. 3d 278 (5th Cir. 2008); *Taylor v. City of Winnfield,* 191 F.R.D. 511 (W.D. La. 2000); *Whitley v. Sherrod,* 2012 WL 7001535 (W.D. La. 2012);
[22] *Bunge v. Parish of St. Tammany,* 996 F. 2d 786, 788 (5th Cir. 1993).

**determined that the defendants timely sued have no liability, prescription of the plaintiff's claims against the newly named defendants will not be interrupted.** [23]

If a petition/complaint has prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. If a plaintiff's basis for claiming interruption of prescription is that the newly added defendant is a joint tortfeasor with a defendant who was timely sued, then the plaintiffs bear the burden of proving that joint tortfeasor status. [24]

The Plaintiffs' claims against Narcotics Officers, Chambers, David, Hill, Jones, Starnes, Stewart and Task Force Officer Bobby Moore were untimely based on the face of the complaint. The Plaintiffs cannot meet their burden to show that the action has not prescribed. The Plaintiffs cannot show that prescription was interrupted as to their claims against Narcotics Officers, Chambers, David, Hill, Jones, Starnes, Stewart and Task Force Officer Bobby Moore by timely filing suit against the Sheriff, the City/Parish of East Baton Rouge, through Mayor Melvin L. "Kip" Holden, and Lieutenant Darryl Michelli. All claims against the City/Parish of East Baton Rouge, through Mayor Melvin L. "Kip" Holden, and Lieutenant Darryl Michelli have been dismissed. The only remaining claim against the Sheriff is under State Law under the theory of *respondeat superior* based upon the alleged misconduct of Moore arising out of two visits by Moore to the Plaintiffs' home as part of a U.S. Marshal's task force looking for a fugitive from Livingston Parish. [25] However, the parties stipulated that Moore was part of a U.S. Marshal's Task Force who were at the Plaintiffs' residence looking for a fugitive from Livingston Parish.[26] Therefore, Moore could not have been acting in the course and scope of his employment with the

---

[23] *Sanchez v. Tangipahoa Parish Sheriff's Office,* 2010 WL 1729381 (E.D. La. 2010); *Joseph v. Port of New Orleans,* 2002 WL 342424 at *13 (E.D. La. March 4, 2002); *Norton v. Livingston Parish Detention Center,* 2014 WL 1057218 (M.D. La. March 19, 2014).
[24] *Wheat v. Nievar,* 2008-0680, 984 So. 2d 773(1st Cir. 2008)
[25] Rec. Doc. 52, p. 37.
[26] Rec. Doc. 52 pp. 18 and 19, Rec. Dco. 38-4, and 41-1, p. 1, Par. 1.

Sheriff in relation to the incidents in question. [27] In a case with strikingly similar facts as in the case at hand, in which the defendant police officer was acting for a task force in connection with the incident at issue, the court held as follows: "This court has already ruled that Officer Leal was considered a government employee at the time of the alleged incident.(citation omitted) Therefore, this Court finds that the Gretna Police Department had no control over Office Leal at the time of the alleged incident.  Accordingly, neither the Gretna Police Department nor the City of Gretna can be held liable under the Plaintiff's vicarious liability claim." *Pendergast v. U.S.,* 2001 WL 777032 (E.D. La. 2001).

Therefore, Wagster does not have a viable state law claim against the Sheriff for vicarious liability for the acts of Moore because Moore was not acting in the course and scope of his employment as an East Baton Rouge Parish Sheriff Deputy when he visited the Plaintiffs' home. Therefore, the Plaintiffs cannot show that the Sheriff is a joint tortfeasor with Moore as to the state law claims.

In fact, since, based upon the pleadings, the Plaintiffs do not have a state law claim for vicarious liability against the Sheriff, and the interest of judicial economy and fairness to the parties, the claims against the Sheriff should be dismissed as well.

Clearly, the Plaintiffs cannot show that there are any joint tortfeasors remaining as to their Federal claims against Moore, or Narcotics Officers, Chambers, David, Hill, Jones, Starnes, Stewart. All federal law clams against the originally named defendants have been dismissed. Clearly there was no tolling of prescription as to any of the remaining claims against Narcotics Officers, Chambers, David, Hill, Jones, Starnes, Stewart or the federal claims against Moore. Further, as mentioned above, there was no tolling of prescription as to the State law claims

---

[27] *Thomas v. Frederick,* 766 F. Supp. 540, 559 (WD. La. 1991); *Jenkins v. Jefferson Parish Sheriff's Office,* 402 So. 2s 669 (La. 1981).

against Moore. Thus, there are no claims remaining against any of the defendants named in the original complaint for the Plaintiffs to be able to show that prescription tolled under Louisiana law by naming a joint tortfeasor timely.

## III.   CONCLUSION

For the reasons set forth above, Detective Rob Chambers, Detective Eric David, Detective Stephen Hill, Detective Eric Jones, Detective Leonard Starnes, Detective Brian Stewart,  Task Force Officer Bobby Moore and Sheriff Sid Gautreaux respectfully request and pray that this Honorable Court grant their motion, dismissing Plaintiffs' claims against them with prejudice at Plaintiffs' cost.

Respectfully Submitted:

s/ Tara Johnston
MARY G. ERLINGSON (#19562)
TARA L. JOHNSTON (#28100)
**ERLINGSON BANKS, PLLC**
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 6th day of June, 2014, a copy of the foregoing

Memorandum in Support of Motion for Judgment on the Pleadings was filed electronically with

the Clerk of Court using the CM/ECF system.  Notice of filing will be sent by operation of the

court's electronic filing system to the following persons:

**J. Christopher Alexander, Sr.**
**3751 Government Street, Suite A**
**Baton Rouge, Louisiana 70806**


/s/ Tara L. Johnston
Tara L. Johnston