UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON WAGSTER & ELENA AUCOIN | CIVIL ACTION |
| VERSUS | |
| SIDNEY J. GAUTREAUX, III, IN HIS CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH, CITY/PARISH OF EAST BATON ROUGE, THROUGH MAYOR MELVIN L. "KIP" HOLDEN, LIEUTENANT DARRYL MICHELLI, AND CERTAIN UNKNOWN OFFICERS | NO. 12-00011-SDD-SCR |

### ORDER AND RULING

Before the Court is Defendant, Sgt. Bobby Moore's, *Motion to Dismiss*[1] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs have filed no opposition. Oral argument is not necessary. For the following reasons, the Court grants Defendant Moore's *Motion to Dismiss*.[2]

### I. BRIEF FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 16, 2012, Plaintiffs, Jason Wagster and Elena Aucoin (hereinafter "Plaintiffs") filed this lawsuit asserting claims under 42 U.S.C. § 1983, the Federal Tort Claims Act, and state tort law.[3] On September 7, 2012, Plaintiffs filed an *Amended Complaint* naming several additional Defendants, including Sgt. Bobby Moore (hereinafter referred to as "Defendant" or "Moore").[4] On October 7, 2013 this Court issued a *Ruling* dismissing all of Plaintiffs' claims against Defendant Moore in his official

---

[1] Rec. Doc. 60.
[2] Rec. Doc. 60.
[3] Rec. Doc. 1.
[4] Rec. Doc. 10, *Amended Complaint*, p. 1, ¶1.

DM No. 1766            1

capacity; therefore, the only remaining claims against Defendant Moore are those asserted against him in his individual capacity for unlawful detention and unlawful arrest.[5] Plaintiffs' claims against Defendant Moore arising under state law for false arrest, false imprisonment, and assault and battery also remain viable.[6] Defendant Moore now moves the Court to dismiss Plaintiffs' claims against him arising under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction.

## II. LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction, and their authority to adjudicate claims must be conferred by statute or the Constitution."[7] "A challenge to the Court's subject matter jurisdiction over a case may be raised at any time because it goes to the Court's very power to hear the case."[8] "The party invoking federal jurisdiction bears the burden of pleading and proving the court's subject matter jurisdiction."[9] Dismissal of a party's claims is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure if a party fails to carry this burden.[10]

"A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)."[11] Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its

---

[5] Rec. Doc. 52, pp. 16-19.
[6] Rec. Doc. 52, pp. 32-35.
[7] *Williams v. U.S. Federal Aviation Admin.*, 2011 WL 2175785, at *1 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994)).
[8] *Johnson-Blount v. Board of Sup'rs for Southern University*, 2014 WL 230012, at *1 (M.D.La. Jan. 17, 2014)(citing *U.S. v. Cotton*, 535 U.S. 625, 630 (2002)).
[9] *Williams*, 2011 WL 2175785, at *1(citing *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001)).
[10] *Id.*
[11] *Hall v. Louisiana, et al.*, 974 F.Supp.2d 978, 985 (M.D.La. 9/30/2013)(citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)).

face.'"[12] However, when ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."[13] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle plaintiff to relief."[14]

Plaintiffs have asserted FTCA claims against Defendant Moore to the extent he was a "federal law enforcement officer as defined by 28 U.S.C. § 2680(h)."[15] Pursuant to this statutory provision, a federal law enforcement officer is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."[16] Essentially, "the FTCA waives sovereign immunity and permits suits against the United States sounding in state tort for money damages. As long as state tort law creates the relevant duty, the FTCA permits suit for violations of federal statutes and regulations."[17] Nonetheless, it is well-settled that "[a]ll suits brought under the FTCA must be brought against the United States."[18] Here, the Plaintiffs have not named the United States as a Defendant. Therefore, in

---

[12] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[13] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).
[14] *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).
[15] Rec. Doc. 10, p. 5, ¶23. 28 U.S.C. § 2680(h) provides an exception to the FTCA for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and Section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso [1974], out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." (emphasis original). The parties have also stipulated to the fact that Defendant Moore was part of a U.S. Marshal's Task Force.
[16] 28 U.S.C. § 2680(h).
[17] *Freeman v. U.S.*, 556 F.3d 326, 335 (5th Cir. 2009) (internal citations omitted).
[18] *Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991); *Vernell ex rel. Vernell v. U.S. Postal Service*, 819 F.2d 108, 109 (5th Cir. 1987), overruled on other grounds.

accordance with Fifth Circuit precedent, Plaintiffs' FTCA claims against Defendant Moore must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

Accordingly, Defendant Sgt. Bobby Moore's *Motion to Dismiss*[19] for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is hereby GRANTED, and Plaintiffs' Federal Tort Claims Act allegations against Defendant Moore shall be dismissed with prejudice.

Baton Rouge, Louisiana the 16 day of July, 2014.

*Shelly Dick*

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[19] Rec. Doc. 60.